**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

MIGUEL A. YANES, et al.,        :
                                :   CIVIL ACTION NO. 02-2712 (MLC)
     Plaintiffs,                :
                                :       MEMORANDUM OPINION
     v.                         :
                                :
MINUTE MAID COMPANY,            :
                                :
     Defendant.                 :
                                :
_____:
```

**COOPER, District Judge**

The defendant, The Minute Maid Company ("TMMC"), moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the complaint and compel arbitration. The Court, for the reasons stated herein, will deny the motion.

## BACKGROUND

Plaintiff Miguel A. Yanes ("Yanes") worked for TMMC, beginning in 1988, delivering TMMC products directly to stores in the New York Metropolitan area. (Am. Compl., at 1.) After a year, Yanes formed MY Distributors, Inc. ("MY"), and began to operate his delivery routes as an independent contractor for TMMC. (Id. at 1-2.) Yanes is the sole shareholder and officer of MY. (Id. at 1.) As President of MY, Yanes and TMMC executed a distributor policy that detailed the terms of their relationship, including distribution responsibilities and termination procedures. (Def. Ex. C.) TMMC decided "to go in

another direction" in June 2000, and advised Yanes that his routes would no longer be serviced by independent contractors. (Am. Compl., at 2.) Yanes, individually and as an officer of MY, signed a distributor termination agreement ("the Agreement"), dated June 23, 2000. (Def. Ex. D.) It provided the terms governing the end of the relationship between MY and TMMC. (Id.)

Yanes brought this action against TMMC on June 6, 2002, alleging that (1) he was improperly terminated because he was Hispanic, and (2) TMMC negligently and intentionally misrepresented the terms of the Agreement to him. (Compl.) The parties to date have (1) filed several motions, (2) taken discovery, and (3) engaged in settlement negotiations. Yanes amended the complaint with leave of the Court on November 22, 2005, to add MY as a plaintiff. (Dkt. entry no. 55.) TMMC now moves to dismiss the amended complaint. (Dkt. entry no. 58.)

## DISCUSSION

TMMC argues that the complaint should be dismissed and the dispute settled through arbitration because (1) the Agreement provides that disputes arising out of it should be resolved by arbitration, and (2) arbitration of the claims would not prejudice the plaintiffs. (Def. Br., at 9; Def. Reply, at 4.) The plaintiffs argue that TMMC has waived the right to arbitration and the complaint should not be dismissed. (Pls. Br., at 3.)

**I. Standard of Review**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). "Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when considering a motion to dismiss, may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004); Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**II. Enforcement and Waiver of Arbitration Provisions**

    The Federal Arbitration Act provides:

    [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The district court may direct a dispute to be resolved through arbitration upon petition by a party who is aggrieved by the failure, neglect, or refusal of another to arbitrate.  9 U.S.C. § 4.  There is a strong federal policy in favor of enforcing arbitration agreements.  Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987).  The preference is rooted in the desire to enforce contracts, not a preference for alternate dispute resolution.  Id.  "Arbitration is a matter of contract and courts must respect the parties' bargained-for method of dispute resolution."  John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 136-37 (3d Cir. 1998); see also Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985) ("[t]he legislative history of the [Federal Arbitration] Act establishes that the purpose behind the passage was to ensure judicial enforcement of privately made agreements to arbitrate"); United Steelworkers of Am. v. Lukens Steel Co., 969 F.2d 1468, 1474 (3d Cir. 1992) ("[i]t is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties").

The right to arbitration, however, like any contract right can be waived. Nat'l Found. for Cancer Research, 821 F.2d at 774. Waiver of a right to arbitration is not lightly inferred. Gavlik Constr. Co. v. H.F. Campbell Co., 526 F.2d 777, 783 (3d Cir. 1975). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983); see also Great Western Mort. Corp. v. Peacock, 110 F.3d 222, 228 (3d Cir. 1997) (quoting Moses. H. Cone Mem'l Hosp.).

A party waives the right to compel arbitration when the parties have engaged in a lengthy course of litigation, extensive discovery has taken place, and the party resisting arbitration will be prejudiced. Great Western, 110 F.3d at 233. Prejudice to the party seeking arbitration is not determinative. Price v. Drexel Burham Lambert, Inc., 791 F.2d 1156, 1162 (5th Cir. 1986). "Prejudice is the touchstone for determining whether the right to arbitrate has been waived," and prejudice takes into account the timeliness of the motion to arbitrate, and the degree to which a party seeking to compel arbitration has contested the merits of its opponent's claims. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925-26 (3d Cir. 1992). Other considerations include

whether a party has informed its adversary of its intent to seek arbitration, the extent of non-merits motion practice, and a party's assent to the district court's pretrial orders. Hoxworth, 980 F.2d at 926-27.  See also Ernst & Young, LLP v. Baker O'Neal Holdings, Inc., 304 F.3d 753, 756 (7th Cir. 2002) (noting that the court must determine whether the party now seeking arbitration has acted inconsistently with the arbitration right); Nat'l Found. for Cancer Research, 821 F.2d at 774 (same); Price, 791 F.2d at 1158 ("[s]ubstantially invoking the litigation machinery qualifies as the kind of prejudice . . . that is the essence of waiver").

    The Hoxworth defendants, for example, waived their right to arbitration because they (1) waited eleven months before moving to compel arbitration, (2) filed a motion to dismiss, (3) filed a motion to disqualify counsel, (4) took multiple depositions, (5) improperly responded to the plaintiffs' discovery requests prompting the plaintiffs to file two motions, (6) consented to the first pretrial order, and (7) opposed the plaintiffs' motion for class certification.  Hoxworth, 980 F.2d at 925-26.  The plaintiffs were prejudiced because they expended substantial time, effort, and money to prosecute the action, and the defendants were able to conduct discovery that would not be available to them in an arbitration setting.  Id. at 926.

The defendant in <u>Cancer Research</u>, sought arbitration three years after the action was brought. <u>Nat'l Found. for Cancer Research</u>, 821 F.2d at 773. The defendant waived the right to arbitration because it "invoked the litigation machinery and actively participated in the lawsuit." <u>Id.</u> at 775. Similar to the defendants in <u>Hoxworth</u>, the defendant in <u>Cancer Research</u> (1) answered the complaint, (2) asserted fifteen affirmative defenses with no mention of arbitration, (3) deposed six witnesses, (4) received documents from the plaintiff, (5) allowed its officers to be deposed by the plaintiff, (6) opposed the plaintiff's motion to amend the complaint, (7) moved for summary judgment, and (8) engaged in settlement negotiations. <u>Id.</u>; <u>see also</u> <u>Price</u>, 791 F.2d at 1159-60 (finding defendants waived right to arbitration because the plaintiffs were prejudiced by (1) costs incurred to respond to motions for summary judgment and dismissal, and (2) discovery that would not be available if the action was arbitrated at the outset).

When a party moves for a stay of proceedings after the action is brought, does not answer the complaint, conducts no discovery, and does not litigate on the merits, it does not waive its right to seek arbitration. <u>See, e.g.</u> <u>Great Western Mortg. Corp.</u>, 110 F.3d at 234 (no waiver because the party seeking arbitration moved for a stay, and there had been no discovery or litigation on the merits); <u>PaineWebber Inc. v. Faragalli</u>, 61 F.3d

1063, 1069 (3d Cir. 1995) (no waiver because motion to compel arbitration was filed within two months of the complaint and no discovery or briefing on the merits had taken place); Gavlik Constr. Co., 526 F.2d at 783-84 (no waiver because defendant immediately moved for a stay, no discovery was conducted, and the complaint was not answered).  Answering on the merits, asserting a cross-claim, or participating in discovery alone does not constitute waiver.  Hoxworth, 980 F.2d at 925.

**III. TMMC Has Waived Its Right to Seek Arbitration**

The Agreement between Yanes, as President of MY, and TMMC provides:

> Any dispute involving or arising out of or relating to this Agreement or any previous Distributor Agreement with or appointment by Company, or the breach, termination or validity thereof, shall be finally resolved by binding arbitration in accordance with arbitration rules of the American Arbitration Association. . .

(Def. Ex. D.)  It further states that "[f]ailure of either party to enforce at any time or for any period of the time the provisions hereof shall not be construed to be a waiver of such provisions or of the right of the party thereafter to enforce every such provision."  (Id.)  TMMC asserts that these provisions require this Court to dismiss the complaint.

The Court acknowledges the directive of the Federal Arbitration Act, and the strong federal policy favoring enforcement of arbitration provisions that have been bargained

for, and agreed to, by contract.  We hold, however, that TMMC has waived the right to seek arbitration in this case.

Yanes brought this action almost four years ago.  TMMC's first mention of the arbitration provision did not occur until September 9, 2005, when TMMC's brief in support of its first motion to dismiss the complaint was filed.  (Dkt. entry no. 46.) TMMC again asserts the arbitration provision in the present motion to dismiss the complaint.  Seeking arbitration, however, at this stage is untimely.

The parties have extensively litigated this action and discovery has taken place.  (See, e.g. dkt. entry nos. 17, 29.) TMMC has contested Yanes's claims on the merits.  Like the defendants in Hoxworth and Cancer Research, it has done more than merely answer on the merits or assert a cross-claim.  Among other things, TMMC has (1) answered the complaint, (2) asserted fifteen affirmative defenses and four counterclaims with no mention of arbitration, (3) filed two motions for summary judgment, (4) deposed both Yanes and his brother, (5) participated in a settlement conference, (6) moved to dismiss the complaint, and (7) served interrogatories and requests for production of documents.  (Dkt. entry nos. 14, 17, 25, 31-38, entry following dkt. entry 44, 52; Pls. Br., at 3.)  Additionally, the Magistrate Judge entered a final pretrial order on April 13, 2004, detailing the disputed facts of the case, and identifying the witnesses,

9

experts, and exhibits of both sides. (Dkt. entry no. 16.) The order was signed by the judge and the attorneys for Yanes and TMMC. (Id.) There is no mention or contemplation of arbitration, and all indications were that the parties were preparing to proceed to trial.

Resolution of this dispute through arbitration at this stage would prejudice the plaintiffs. The plaintiffs have expended significant time, money, and effort litigating this action in the present forum. Drawing inferences in favor of the plaintiffs, Yanes asserts that he has already spent more than $15,000 in attorney fees and expenses. (Cheiken Decl., at 1.) Information that would not be available to the parties in an arbitration forum has been disclosed through discovery and settlement negotiations.

TMMC argues that MY will not be prejudiced by resolution of the matter by arbitration because MY was not added as a plaintiff until November 2005. MY and Yanes, however, have an identity of interests. Yanes formed MY for the purpose of serving as an independent contractor to TMMC. (Am. Compl., at 2.) He signed the Agreement "individually and as an officer of the Distributor." (Def. Ex. D.) The claims asserted by MY arise out of the same transaction and occurrence, and are identical to those of Yanes.

MY, while not initially a named plaintiff, would suffer prejudice if forced to resolve the dispute through arbitration. The pretrial discovery conducted as to Yanes is also relevant to MY's claims.  A corporation can only act through its agents and employees.  Yanes, as the sole shareholder and officer of MY, personifies MY.  He has already been deposed.  The deposition testimony details the formation of MY, MY's relationship to TMMC, the contract between MY and TMMC, and the training and work of MY's employees.  (Dkt. entry nos. 35, 37.)  This discovery would not be available in arbitration and TMMC cannot take advantage of it to the detriment of MY even though it was conducted before MY became a plaintiff.  See, e.g. Nat'l Found. for Cancer Research, 821 F.2d at 775-76 (defendant's pursuit of discovery as to nonarbitrable claims waived its right to seek arbitration of related arbitrable claims because compelling arbitration of some claims would allow the defendant to "exploit the benefits of pretrial discovery and motion practice" and manipulate the legal process).

TMMC points out that the Agreement has a clause that preserves the right to seek arbitration and precludes a determination that it waived its right.  The extent of the litigation to this point, and the prejudice that the plaintiffs would suffer, however, outweigh the contract provisions.  See 9 U.S.C § 2 (recognizing that grounds at law or in equity may

justify not enforcing an arbitration clause).  Compelling arbitration in this action, at this time, would improperly prejudice both plaintiffs, and dismissal of this complaint is not appropriate.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny the defendant's motion to dismiss and compel arbitration.  An appropriate order will be issued.


                                          s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge