<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIGUEL A. YANES, et al.,          :
                                  :     CIVIL ACTION NO. 02-2712 (MLC)
        Plaintiffs,               :
                                  :     **MEMORANDUM OPINION**
        v.                        :
                                  :
MINUTE MAID COMPANY,              :
                                  :
        Defendant.                :
_____:

<u>**COOPER, District Judge**</u>

The defendant, The Minute Maid Company ("TMMC"), moves pursuant to Federal Rule of Civil Procedure ("Rule") 9(b) and 12(c) to dismiss the amended complaint. The Court, for the reasons stated herein, will grant the motion in part and deny the motion in part.

<u>**BACKGROUND**</u>

Plaintiff Miguel A. Yanes ("Yanes") worked for TMMC, beginning in 1988, delivering TMMC products directly to stores in the New York Metropolitan area. (Am. Compl., at 1.) After a year, Yanes formed plaintiff MY Distributors, Inc. ("MY"), and began to operate his delivery routes as an independent contractor for TMMC. (<u>Id.</u> at 1-2.) Yanes is the sole shareholder and officer of MY. (<u>Id.</u> at 1.) As president of MY, Yanes and TMMC executed a distributor policy that detailed the terms of their relationship, including distribution responsibilities and termination procedures. (TMMC Ex. A.) TMMC decided "to go in

another direction" in June 2000, and advised Yanes that his
routes would no longer be serviced by independent contractors.
(Am. Compl., at 2.)  Yanes, individually and as an officer of MY,
signed a distributor termination agreement ("the Agreement"),
dated June 23, 2000.  (TMMC Ex. C.)  It provided the terms
governing the end of the relationship between MY and TMMC.  (Id.)

Yanes brought this action against TMMC on June 6, 2002,
alleging that (1) he was improperly terminated because he was
"Hispanic," and (2) TMMC negligently and intentionally
misrepresented the terms of the Agreement to him.  (Compl.)  The
parties to date have (1) filed several motions, (2) taken
discovery, and (3) engaged in settlement negotiations.  Yanes
amended the complaint with leave of the Court on November 22,
2005, to add MY as a plaintiff.  (Dkt. entry no. 55.)  TMMC moved
to dismiss the amended complaint and compel arbitration on
December 27, 2005.  (Dkt. entry no. 58.)  The Court denied the
motion.  (3-16-06 Order.)  TMMC now moves to dismiss the amended
complaint again.  (Dkt. entry no. 63.)

### DISCUSSION

TMMC argues that the amended complaint should be dismissed
because (1) Yanes lacks standing to assert claims against TMMC
because he was not a party to the Agreement, (2) the claims for
violations of 42 U.S.C. § ("Section") 1981 and the New Jersey Law
Against Discrimination ("NJLAD") are time-barred, (3) the

2

plaintiffs have failed to plead the fraud claim with specificity, and (4) the claim for negligent misrepresentation fails to state a cause of action upon which relief can be granted.  (TMMC Br., at 9, 12-13, 15.)  The plaintiffs argue that (1) the claims pursuant to Section 1981 and the NJLAD are not time-barred because they relate back to the original complaint, and (2) the fraud claim is sufficiently specific.  (Pls. Br., at 2-3.)  The plaintiffs acknowledge and agree with TMMC's argument that Yanes cannot pursue his claims in light of Domino's Pizza Inc. v. McDonald, 126 S.Ct. 1246 (2006).  The plaintiffs also indicate that they are not pursuing a claim for negligent misrepresentation.  (Id. at 1-2, 5.)[1]

## I.   Motion to Dismiss Standard

TMMC seeks dismissal of the amended complaint pursuant to Rules 9(b) and 12(c).  Rule 12(c) allows any party to move for "judgment on the pleadings."  Fed.R.Civ.P. 12(c).  TMMC's brief and notice of motion, however, term the motion as a motion to

---

[1] The Supreme Court in Domino's held that the president and sole shareholder of a company could not pursue a Section 1981 claim on his own behalf because the contract giving rise to the claim was between the defendant and the plaintiff's company, not the plaintiff.  Domino's, 126 S.Ct. at 1252 ("a plaintiff cannot state a claim under Section 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'").  The Court, here, has not independently evaluated Yanes's standing to assert claims against TMMC in light of Domino's.  The parties, however, agree that Yanes cannot pursue his claims.  (TMMC Br., at 6-7; Pls. Br., at 2.)  The Court, therefore, will dismiss the claims insofar as they are asserted by Yanes.

dismiss for "failure to state a claim."  A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in Rule 12(b)(6), not Rule 12(c).  Rule 12(h)(2), however, provides that a defense of failure to state a claim can be brought by a motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  The difference between a motion to dismiss pursuant to Rule 12(b)(6) and a motion pursuant to Rule 12(c) is a matter of timing.  Motions brought pursuant to Rule 12(b) must be filed before any responsive pleading.  Fed.R.Civ.P. 12(b); Turbe, 938 F.2d at 428.  A Rule 12(c) motion to dismiss is available after a responsive pleading has been filed.  Turbe, 938 F.2d at 428.  Regardless of which rule is appropriate, the same standard applies.  Id.  In this action, TMMC has not filed an answer to the amended complaint, therefore, the Court will consider the motion as a failure to state a claim under 12(b)(6).

The Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff, on a motion to dismiss.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  "Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted."  Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

4

The Court, when considering a motion to dismiss, may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted); Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.  Counts I and II Relate Back to the Original Complaint

The plaintiffs in this action filed an amended complaint on November 22, 2005. The amended complaint asserts the same four causes of action as the original complaint - (1) violation of NJLAD, (2) violation of Section 1981, (3) fraud, and (4) negligent misrepresentation - but adds MY as a plaintiff. (See Am. Compl.) TMMC argues that the NJLAD and Section 1981 claims (Counts I and II) are time-barred. (TMMC Br., at 10.) The plaintiffs argue the claims are not time-barred because they relate back to the original complaint. (Pls. Br., at 2.)

Amendments to a pleading relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

5

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have knows that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).  Rule 15(c)(3) addresses when an amended complaint adding new defendants relates back to the original filing.  No part of Rule 15, however, expressly addresses when the addition of new plaintiffs relates back to the original complaint.  Nelson v. County of Allegheny, 60 F.3d 1010, 1014 n.7 (3d Cir. 1995); Stoppelman v. Owens, 580 F.Supp. 944, 945 (D.D.C. 1983); Olech v. Village of Willowbrook, 138 F.Supp.2d 1036, 1041-42 (N.D. Ill. 2000); Fashion Novelty Corp. v. Cocker Mach. & Foundry Co., 331 F.Supp. 960, 964 (D.N.J. 1971).

The original complaint in an action notifies the defendant "in a timely and formal manner at the outset of the litigation" of a claim and puts the defendants on their guard.  Fashion Novelty, 331 F.Supp at 964 (internal quotes omitted).  Allowing an amended complaint containing new plaintiffs to relate back to the original complaint, therefore, poses less serious problems than the addition of new defendants.  Olech, 138 F.Supp.2d at 1042; Fashion Novelty, 331 F.Supp. at 964.  "[T]he chief

consideration of policy is that of the statute of limitations, and the _attitude_ taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15 advisory committee's note (1966 Amendments) (emphasis added).

The "attitude" reflected in Rule 15 emphasizes that in order for an amended complaint to relate back to the original, the defendants must have (1) notice so that their defense is not prejudiced, and (2) knowledge that a claim could be brought against them by the new plaintiffs. _Nelson_, 60 F.3d at 1014-15. The original complaint sufficiently notifies the defendant when (1) the new plaintiffs allege injury caused by the same conduct set out in the original complaint, or (2) there is an identity of interest between the original plaintiff and the new plaintiffs. _Id._; _see also_ _Staren v. Amer. Nat'l Bank & Trust Co._, 529 F.2d 1257, 1263 (7th Cir. 1976); _Andujar v. Rogowski_, 113 F.R.D. 151, 158-59 (S.D.N.Y 1986) (allowing addition of plaintiff to relate back to the original complaint because the additional plaintiff was the real party in interest); _Fashion Novelty_, 331 F.Supp. at 964-65 (noting a "virtual identity" between the new and original plaintiffs). "The substitution of . . . parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based." _Staren_, 529 F.2d at 1263. "[W]here the defendant has had notice from the

7

beginning that the plaintiff . . . is trying to enforce a claim
against it because of specified conduct, the reasons for the
statute of limitations do not exist." <u>Fashion Novelty</u>, 331
F.Supp. at 964 (internal quotes omitted).

The amended complaint adds MY as a plaintiff, but otherwise
asserts the same four causes of action against the same defendant.
(<u>See</u> Compl.; Am. Compl.)  The attitude of Rule 15, not the
language of Rule 15(c)(3), therefore, governs this action.  TMMC
had notice and knowledge of (1) the conduct giving rise to MY's
claims, and (2) the possibility that MY could assert claims
against it.  The causes of action asserted in the amended
complaint arise out of the same transaction, occurrence, and
events as the original causes of action.  Both the original and
amended claims allege that TMMC's conduct relating to the
execution of the Agreement was improper.  The same actions are
the source of the injury to both Yanes and MY.  TMMC will not be
prejudiced if the amended complaint relates back to the original
because the information and evidence relevant to a defense against
the original claims will be similar to, if not the same as, the
information and evidence necessary to defend the amended complaint.
Thus, the amended complaint relates back to the original.

TMMC also had sufficient notice that claims might be asserted
by MY.  MY has an identity of interest with Yanes because Yanes
is MY's president and sole shareholder.  As recognized by TMMC in

its motion to dismiss the original complaint, "[p]laintiff [Yanes] has failed to present a sufficient basis that he has sustained any injury apart from MY's alleged economic losses . . . He also has failed to establish a legal right or basis to stand in the shoes of M.Y. - the would be sole claimant, legally permitted to take the action Mr. Yanes is improperly pursuing." (Dkt. entry no. 46, TMMC Br. in Sup. of Mot. to Dismiss, at 11.)   TMMC also argued that MY was the real party in interest.   TMMC pointed out the Agreement was between TMMC and MY, not Yanes. (Id. at 8.)   "MY itself, and only MY would have standing to allege claims, assert rights and take actions concerning its contracts with TMMC."   (Id. at 11.)

The Court is satisfied that TMMC had notice of MY's involvement in this action and the possibility that MY could assert claims against it.   The addition of MY as a plaintiff does not alter the known facts and issues upon which this action is based. Permitting the amended complaint in this action to relate back to the original is consistent with the "attitude" expressed by Rule 15.   Thus, MY's claims for violation of Section 1981 and NJLAD are not time-barred because the original complaint was filed on June 3, 2002.[2]   The NJLAD and Section 1981 claims insofar as they are asserted by MY will not be dismissed.

---

[2] TMMC asserts that the statute of limitations for both the NJLAD and Section 1981 claims is two years.  (TMMC Br., at 11.) TMMC further proposes that the statute of limitations would begin to run on June 23, 2000, the date on which MY and TMMC entered into the Agreement.  (Id.)  The statute of limitations, therefore, would have expired on June 23, 2002.

### III. Count III Sufficiently Pleads Fraud

Rule 9(b) requires that "[i]n all averments of fraud or
mistake, the circumstances constituting fraud or mistake shall be
stated with particularity."  Fed.R.Civ.P. 9(b).  The purpose of
the rule is to put the defendant on notice of the alleged
misconduct giving rise to the fraud claim, and to "safeguard
defendants against spurious charges of immoral and fraudulent
behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
742 F.2d 786, 791 (3d Cir. 1984); Sunset Fin. Res., Inc. v. Redev.
Group V, LLC, 417 F.Supp.2d 632, 644 (D.N.J. 2006).  A plaintiff
is not required to plead "date, place, or time of the fraud."  Id.
A plaintiff can use "an alternative means of injecting precision
and some measure of substantiation into [the] allegations."  Id.
"Focusing exclusively on 9(b)'s particularity language is too
narrow an approach and fails to take account of the general
simplicity and flexibility contemplated by the Federal Rules of
Civil Procedure."  Sunset, 417 F.Supp.2d at 644 (internal quotes
and cites omitted); see also Seville, 742 F.2d at 791.

Count III of the amended complaint adequately asserts a
claim for fraud.  The five elements that must be plead to state a
claim for fraud are (1) a material misrepresentation by the
defendant of a presently existing or past fact, (2) which the
defendant knows or believes to be false, (3) on which the
defendant intends the plaintiff to rely, (4) upon which the

plaintiff does reasonably rely, and (5) damages.  <u>In re Resorts</u>
<u>Int'l Inc.</u>, 181 F.3d 505, 509 (3d Cir. 1999).

As articulated by the plaintiffs "[t]he gravamen of the
claim is that defendant falsely represented its business
justification for terminating its relationship with [MY]; and
that [MY] was induced to sign the Termination Agreement as a
result." (Pls. Br., at 4.)  The claim as plead is sufficient to
notify TMMC of the alleged conduct that gives rise to this claim.
Specifically, the plaintiffs in the amended complaint allege:

> 10. TMMC suddenly informed Yanes and M.Y. . . . [that]
> White Rose Foods was going to pick up all the business
> established by M.Y. and Yanes over the preceding 10
> years.  The routes, according to TMMC would no longer be
> operated by independent owner/operators . . .
>
> 25. TMMC intentionally made misrepresentations of fact to
> Plaintiffs to induce Plaintiffs to sign the Distributor
> Termination Agreement . . .
>
> 14. [c]ontrary to the representations made by TMMC, after
> the M.Y. distributorship was terminated, its routes were
> not serviced by White Rose foods, but rather, were
> assigned to non-Hispanic owner/operators. . .

(Am. Compl., at ¶¶ 10-14, 25-27.)  MY's routes were worth
approximately $200,000 on the date of termination, and the
plaintiffs have suffered $775,000 in damages.  (<u>Id.</u> at ¶¶ 15,
28.)  The amended complaint asserts that MY was informed of
TMMC's decision via a letter in or around June 5, 2000.  (<u>Id.</u> at
¶ 10.)  It also provides a specific quote from Sean Collins, "the
individual who oversaw the direct store operation for TMMC."
(<u>Id.</u> at ¶ 13.)  The statement relates to TMMC's alleged

11

misrepresentation and its knowledge that its statements to MY was false.  (Id.)  It is alleged that Collins was overheard saying, "Minute Maid feels that it is better off without the Miguels, Emilios, Joses, and Luises . . . you connect the dots."  (Id.)

TMMC argues that MY's reliance on TMMC's alleged misrepresentations were not reasonable because the only statements upon which MY could rely were contained in the Agreement.  (TMMC Br., at 15.)  Challenging the reasonableness of this reliance, however, is a defense to an element of the fraud claim, and a question of fact.  It does not relate to the sufficiency of the pleadings in the amended complaint for the purposes of a motion to dismiss.  The Court must accept the plaintiffs' factual allegations, and draw all reasonable inferences in favor of the plaintiffs.  The amended complaint provides a "measure of substantiation" as to the fraud claim as required by Rule 9(b). The part of the motion seeking to dismiss the fraud claim insofar as it is asserted by MY, therefore, will be denied.

<u>**CONCLUSION**</u>

The Court, for the reasons stated <u>supra</u>, will grant the defendant's motion to dismiss in part and deny the motion in part.  An appropriate order will be issued.


        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

12